COMMERCIAL CREDIT COMPANY, Plaintiff and Appellant, v. LUIS COLL-WALLINGTON, Defendant and Appellee.

No. 4092. Argued February 15, 1927.—Decided July 7, 1927.

*Pedro Amudo Rivera* and *F. Soto Gras* for the appellant. *Antonio Lens Cuena* for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

Santiago A. Panzardi, Ltd., sold conditionally an automobile to Luis Coll Wallington on February 16, 1926, in accordance with Act No. 61 of 1916 as amended by Act No. 40 of 1925. There was a balance amounting to $890.25 to be paid in monthly instalments, the first of which fell due on March 16th of the same year. Panzardi, Ltd., assigned their rights and interests in the sale to the Commercial Credit Company which at the end of April of that year filed in the District Court of San Juan an affidavit in compliance with that law and alleged that the purchaser had not paid the monthly instalments corresponding to the months of March and April of that year, nor any amount whatever of the indebtedness, and therefore prayed for the return of the automobile in compliance with the provisions of the law.

Luis Coll Wallington admitted the conditional sale and that he had not paid the said monthly instalments or any amount whatever on account of the deferred payments; but he alleged as a defense that twelve days after the sale there had been a collision between his automobile and another and that his had been greatly damaged, and as one of the conditions of the sale was that Panzardi, Ltd., should insure the automobile against accidents until fully paid for, for which purpose the defendant gave them the money required for the insurance policy, but Panzardi, Ltd., failed to secure the insurance and the defendant has sued them for recovery of the damages suffered.

After a trial in which all of the said allegations were

proved the court rendered judgment for the defendant on the ground that as it was a special proceeding it was not proper to decide therein questions of law, applying by analogy the jurisprudence regarding unlawful detainer cases.

Three errors are assigned by the Commercial Credit Company in its appeal from that judgment, which may be reduced as follows: In overruling its motion to eliminate the defense set up by the purchaser and in dismissing the complaint on the strength of that defense. The appellee did not submit a brief.

According to the said act as amended, in contracts of conditional sales of personal property the title thereto shall remain in the vendor until the complete payment of the purchase price and compliance with all of the conditions agreed upon; and should the purchaser fail to comply with the stipulations, the vendor or his assignee shall be entitled to a judgment for retaking the property sold conditionally in order to comply with the other provisions of the law. As the purchaser has admitted that he failed to pay the two monthly instalments prior to the filing of the affidavit, the appellant is entitled to the return of the automobile, and the acknowledgment of that right is not barred by the defense alleged and proved by the purchaser, since, the automobile being the property of the vendor and then of his assignee, the fact that Santiago A. Panzardi, Ltd., failed to comply with the agreement to insure the automobile does not entitle the purchaser to retain it without paying the instalments due, even though he had brought an action for damages against the original vendor on account of the collision suffered by the automobile. The purchaser has no right to be his own judge and he should have paid for the automobile or returned it independently of any action he may have against Santiago A. Panzardi, Ltd., for their failure to insure the automobile. There is no similarity between the present case, in which the ownership of the automobile is not in dispute, and the un-

lawful detainer cases in which the defendants deny ownership and their allegations are backed by some evidence, in which cases we have held that the matter is one within the scope of an ordinary action and not of an action in unlawful detainer.

The judgment appealed from must be reversed and the case remanded to the district court for another judgment in compliance with the principles set forth in this opinion.